[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the court on defendant's motion for child support.
The parties were divorced on June 1, 1994. There is presently an order of joint custody, with physical custody with the defendant father.
The plaintiff has remarried and is in her seventh month of pregnancy. She reports present earnings of $150 per week which, under the guidelines, would be insufficient income for this court to order any child support.
The defendant urges this court to consider the plaintiff's past work history and background and apply an "ability" standard in determining child support, and suggests that the plaintiff has the ability to earn a net of $782 a week. The court does not accept the analysis offered by the defendant.
However, the court feels that she does have the ability to earn more than $150, and that she has voluntarily placed herself in a business venture which she admitted she knew to be risky. She has voluntarily placed herself in that position and now asks the court to wait until the business is profitable before an order for child support is entered.
She had, by her own admission, an understanding that it would take time for a new restaurant venture to be profitable. Her first obligation, however, was to her duty to help support her minor child. The court finds that with her skills and background, she has the ability to earn at least $300 a week net, and will predicate its orders on that finding.
The plaintiff is ordered to pay to the defendant the sum of CT Page 9658 $70 per week, which sum is in substantial compliance with the guidelines.
However, because of the plaintiff's pregnancy, the court recognizes that she will not have the ability to make these payments now.
The court will order that the $70 per week will accrue until August 1, 1997, at which time the wife is ordered to pay $70 per week on the current order and $10 on the accrued arrearage.
Mihalakos, J.